Irving H. Saypol, J.
Defendants on the eve of trial move for dismissal of the amended complaint (which was served in 1950) for insufficiency (Bules Civ. Prac., rule 106, subd. 4) and upon the further ground that the plaintiff has failed and neglected reasonably to prosecute the action. (Civ. Prac. Act, § 181; Bules Civ. Prac., rule 156.) The action is against the obligor upon a performance bond and the indemnitors. The *572 bond was made by the plaintiff as surety and was conditioned upon the faithful performance by the defendant corporation of a construction contract. The indemnity agreement contained the following provision: ‘ ‘ That this agreement shall cover the suretyship above recited and all alterations, renewals, extensions and modifications thereof which may be requested or assented to by the Indemnitor or by the Principal named in the bond or obligation. The Surety is hereby authorized to assent to any changes in or modifications of the contract, plans, specifications, bond and suretyship without notice to or the request of the Indemnitor. That the Surety shall have the right to pay or compromise any expense, claims or charge of the character enumerated in this agreement, and the voucher or other evidence of such payment shall be prima facie evidence of the propriety thereof and of the Indemnitor’s liability therefor to the Surety.” The bond, dated July 31, 1942, provided that no suit shall be brought thereon after July 31, 1943.
The complaint alleges that after the delivery of the bond by the plaintiff to the obligee in behalf of the defendant corporation, the latter commenced to perform its subcontract. Prior to July 31, 1943, the defendant corporation requested the plaintiff to waive the provision in the bond limiting the time to sue to enable that defendant to continue performance under its subcontract and the plaintiff did waive and surrender its rights with respect to the time limitation contained in the bond. Prior to November 2, 1944, the principal obligee made claim against the plaintiff upon the bond for defaults on the part of the defendant corporation within the terms of the bond, and on November 2, 1944 plaintiff in good faith, to discharge its liability on the bond and in reliance on the indemnity agreement, paid a stated sum for the account of the defendant corporation.
Defendants argue that in an action against an indemnitor the plaintiff must allege a valid contract of indemnity between the surety and the indemnitor, a valid contract of suretyship between the surety and the principal obligee, a breach of the condition of the surety bond, and a valid payment by the surety of the claim arising by virtue of a condition broken and contend that plaintiff has failed to allege that the principal obligee has committed any breach of the condition of the bond. But the indemnity agreement provides for the kind of payment as alleged in the amended complaint, and it was made in reliance upon the indemnity agreement. Accordingly, the allegations of payment and of due performance are sufficient to sustain the complaint as against the individual defendant indemnitors. There is no allegation that the payment was made in reliance *573 upon the bond or that the bond was breached save for the demand made upon the plaintiff by the principal obligee for defaults of the corporate defendant within the terms of the bond. In all the circumstances, the allegations are sufficient as to the principal obligor and more specific allegation of the breach of the subcontract is not required here as it may have been in the suit maintained by the corporate defendant here against its contracting party (see Shore Bridge Corp. v. Paretta Contr. Co., 278 App. Div. 627).
Defendants urge further upon the basis of the complaint and bill of particulars that it appears on the face thereof that the alleged payment made by the plaintiff was voluntary and gratuitous because it was made after the time specified in the bond for the commencement of suit and thus no claim was enforcible against plaintiff. Whether the numerous and voluminous documents forming part of the bill of particulars and in support of the complaint allegation of waiver of the time limitation spell out an enforcible waiver and modification of the bond is a jury question. Accordingly, the motion to dismiss for insufficiency is denied.
The second branch of the motion seeks dismissal for failure to prosecute. This is indeed an old suit but by order of October 31, 1957, this action was, on plaintiff’s motion, restored to the calendar. The defendant now says that investigation for preparation for trial made since the order establishes prejudice. Consideration of any of the facts and circumstances now presented whereby a different result would be reached would appear to constitute a review of the order of October 31, 1957. In any event that branch of the motion (Rules Civ. Prac., rule 156; Civ. Prac. Act, § 181) is referred to Special Term, Part I, where it belongs or for reargument or renewal before Hecht, J., as defendants may be advised.
(June 17, 1958.)
Counterorders are now before the court on the decision of March 24, 1958 denying the defendants’ motion to dismiss for insufficiency and referring that branch of the motion to dismiss for failure to prosecute. The submission is late and there is no showing to excuse the delay. (Cf. rule III, Special Term Rules, New York County Supreme Court Rules.) Although there was no direction for a long-form order, except as to be implied from the alternative afforded to the defendants, the sluggishness on both sides seems to parallel the procrastination in the litigation which was instituted in 1951 on an indemnity agreement operative in 1944.
*574 Ordinarily neither order would be signed. The plaintiff by its counterorder indicates a partial willingness to submit to review by having the question of the defendants’ motion to dismiss for lack of prosecution referred to the Justice who previously denied that motion on the merits. On that expressed acquiescence the defendants’ order is signed restoring the motion to the calendar of Special Term, Part I.